**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

YOLANDA PENA,

        Plaintiff,

v.                                          Case No:   6:20-cv-2254-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## MEMORANDUM OF DECISION[1]

Yolanda Pena ("Claimant") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Claimant raises three arguments challenging the Commissioner's final decision, and based on those arguments, requests that the matter be reversed for an award of benefits, or, in the alternative, remanded for further administrative proceedings. Doc. No. 38, at 12-18, 23-25, 27.[2] The

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 28, 29.

[2] While Plaintiff only enumerates two issues in the Joint Memorandum, Plaintiff's first argument combines two separate issues related to "[w]hether the residual functional capacity determination of the ALJ is supported by substantial evidence." Doc. No. 38, at 12-18.

Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.  *Id.*, at 18-23, 25-26, 27. For the reasons discussed herein, the Commissioner's final decision is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

On January 17, 2019, Claimant filed an application for disability insurance benefits, alleging a disability onset date of August 11, 2018.  R. 33, 178-181.[3] Claimant's application was denied initially and again upon reconsideration, and she requested a hearing before an ALJ.  R. 93-96, 102-111.  A hearing was held before the ALJ on May 13, 2020.  R. 52-66.  Claimant and a vocational expert ("VE") testified at the hearing.  *Id*.  Claimant was represented by a non-attorney representative at the hearing.  *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  R. 33-46.  Claimant sought review of the ALJ's decision by the Appeals Council.  R. 8-14, 31-32.  On October 8, 2021, the Appeals

---

[3] The "Application Summary for Disability Insurance Benefits" states that Claimant applied for DIB on January 29, 2019, but according to the ALJ's decision, Claimant filed the application for DIB on January 17, 2019.  *Compare* R. 33 *with* R. 178.  For consistency, and because the application date is not dispositive of this appeal, the Court utilizes the application date stated by the ALJ:  January 17, 2019.

Council denied the request for review.  R. 30-32.  Claimant now seeks review of the final decision of the Commissioner by this Court.  Doc. No. 1.

## II.   THE ALJ'S DECISION[4]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).  R. 33-46.[5]  The ALJ first found that Claimant met the insured status requirements of the Social Security Act through December 31, 2022.  R. 35.  The ALJ also concluded that the Claimant had not engaged in substantial gainful activity since August 11, 2018, the alleged onset date.  *Id.*  The ALJ found that Claimant suffered from the following severe impairments: spine disorders and complex regional pain syndrome of the left leg.

---

[4] Upon review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  Doc. No. 38.  Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[5] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a(4))(i)–(v)).

*Id.*[6]  The ALJ then concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 36.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[7] with the following additional limitations:

> [E]xcept she is able to sit for up to 7 hour [sic] per day for 1 hour at a time; stand and/or walk up to 4 hours per day for up to 1 hour at a time; lift up to 20 pounds occasionally and 10 pounds frequently; limited to occasional bending, stooping and stairs; no crawling and no ladders, ropes or scaffolds and limited to occasional reaching above shoulder level.

R. 36.  The ALJ found that Claimant was unable to perform any past relevant work as a dental assistant.  R. 45.  The ALJ also noted that as of the alleged disability

---

[6] The ALJ also found that Claimant had non-severe impairments of gastroesophageal reflux disease, chronic obstructive pulmonary disease, anemia, and asthma.  R. 35-36.

[7] The social security regulations define light work to include:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

onset date, Claimant qualified as an individual closely approaching advanced age (age 52). *Id.* The ALJ further noted that Claimant has at least a high school education and is able to communicate in English. *Id.* However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, such as ticket taker, gate guard, and case aide. R. 45-46. Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from August 11, 2018, through the date of decision. R. 46.

## III. STANDARD OF REVIEW

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV. ANALYSIS**

In the Joint Memorandum, which the undersigned has reviewed, Claimant raises three assignments of error: (1) the ALJ erred in the RFC determination by failing to properly consider the opinion of Dr. Aaron Smith as it relates to a lifting limitation; (2) the ALJ erred in failing to address the Claimant's use of a cane/assistive device; and (3) the ALJ improperly relied on the testimony of the VE after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations. Doc. No. 38, at 12-18, 23-25. The Court will limit its discussion to Claimant's first assignment of error as it is dispositive of this appeal.

    *A.    The RFC Determination – Failure to Properly Consider Dr. Aaron Smith's Medical Opinion*

The ALJ is tasked with assessing a claimant's RFC and ability to perform past

relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Claimant filed her application for DIB on January 17, 2019. R. 33, 178-181. Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. §§ 404.1520c(a), 416.920c(a). Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the

claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. §§ 404.1520c(c), 416.920c(c).

Pursuant to the new regulations, the Commissioner is not required to articulate how she "considered each medical opinion or prior administrative medical finding from one medical source individually." *Id*. §§ 404.1520c(b)(1), 416.920c(b)(1). Rather, the most important factors the Commissioner will consider when determining the persuasiveness of medical opinions are supportability and consistency. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2). The regulations state that the Commissioner will explain how she considered the supportability and consistency factors in the determination or decision. *Id*. Thus, "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, No. 4:18CV693CDP, 2019 WL 3412616, *4 (E.D. Mo. July 29, 2019)). S*ee also Bevis v. Comm'r of Soc. Sec.*, 552 F. Supp. 3d 1266, 1271 (M.D. Fla. 2021) ("However, pursuant to the regulations, the most important factors the Commissioner will consider when

determining the persuasiveness of medical opinions are supportability and consistency.") (citing 20 C.F.R. § 404.1520c(b)(2), 416.920c(b)(2)); *Diaz-Ortiz v. Comm'r of Soc. Sec.*, 2:20-cv-134-MRM, 2021 WL 4205850, at *4 (M.D. Fla. Sept. 16, 2021) ("Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain how those two facts are considered.").[8]

Claimant argues that the ALJ failed to adequately weigh and consider the opinion of Dr. Aaron Smith. Doc. No. 38, at 12. Dr. Smith is an orthopedic specialist who performed surgery on Claimant on January 21, 2019.[9] R. 475-76, 483-84. Specifically, Claimant's preoperative diagnosis was a herniated disc with annular tear and retrolisthesis of L5 on S1. R. 475-76. Following that surgery, on February 25, 2019, Claimant visited Dr. Smith for a postoperative appointment. R. 483 (noting that reason for appointment was "Postoperative ALIF L5-S1, surgery

---

[8] Pursuant to the regulations, supportability and consistency are described as follows:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

[9] Dr. Smith also performed surgery on Claimant on December 5, 2018 for an "[a]nnular tear with disc herniation and foraminal stenosis, L5-S1." R. 477-78.

- 9 -

was performed on 01/21/2019"). In Dr. Smith's notes, under the "treatment" section, Dr. Smith stated that Claimant was "counseled today regarding wound care, activity level, and lifting restrictions no more than 15 pounds." R. 484.

In his decision, the ALJ detailed Claimant's medical history, including her treatment and surgeries with Dr. Smith. R. 36-44. However, when it came to discussing the medical opinions of record, the ALJ did not mention Dr. Smith's February 25, 2019 treatment notes and/or the lifting limitation at all. R. 44.

Claimant argues that Dr. Smith's opinion that Claimant should not lift more than 15 pounds "is clearly at odds with the residual functional capacity determination of the ALJ that the claimant could lift up to twenty pounds." Doc. No. 38, at 15. Claimant argues that the ALJ erred in not indicating the weight assigned to Dr. Smith's opinion and, therefore, it is impossible to know whether the ALJ's decision is supported by substantial evidence. *Id.*, at 15-16.

In response, the Commissioner argues that Dr. Smith's post-surgical treatment recommendation is not a "medical opinion" as that term is defined in the regulations and does not rise to the level of an impairment-related limitation. Doc. No. 38, at 18-19. The Commissioner points to the fact that the fifteen-pound restriction is listed in the "treatment" section of Dr. Smith's records, and was part of the first follow-up examination after Claimant's surgery. *Id.*, at 18-19. The Commissioner also argues that, even if Dr. Smith issued a "medical opinion," the

ALJ's failure to address it was harmless.  *Id.,* at 20-21.

Pursuant to the new regulations which govern this case, a "medical opinion" is defined as statements "from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" regarding her ability to perform physical demands (such as sitting, standing, walking, reaching, and handling, among others) and mental demands of work activities (such as understanding, remembering, and maintaining concentration, persistence, and pace).  20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).  A "medical opinion" does not include "judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  20 C.F.R. § 404.1513(a)(3) (defining these categories of information as "other medical evidence").  *See also Staheli v. Kijakazi*, No. 1:20-cv-00159-JCB, 2021 WL 5495694, at *3 (D. Utah Nov. 23, 2021) ("[T]he elements of a 'medical opinion' [under the new regulations] are: (1) a statement; (2) from a medical source; (3) about what Plaintiff can still do despite her impairments; and (4) whether Plaintiff has one or more impairment-related limitations or restrictions based on several enumerated abilities. Because the regulation uses the word 'and' between the third and fourth elements, the court presumes that 'and' is used in its 'ordinary, conjunctive meaning.'" (citing *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1332 (11th

- 11 -

Cir. 2005))).

Upon review, Dr. Smith's notes related to the lifting limitation, even though contained in the "treatment" section of his records, constitute a medical opinion. As discussed above, the new regulations define "medical opinion" as a statement from a medical source about what a person can or cannot do despite an impairment, as well as a discussion of any functional limitations or restrictions, including lifting restrictions. 20 C.F.R. § 404.1513(a)(2)(i). There is no mention in the regulations that such statements have to be made in a specific format, or in a specific section of a medical source's records. And in Dr. Smith's February 15, 2019 treatment notes, Dr. Smith clearly provides a lifting limitation of no more than 15 pounds – *i.e.,* a statement about what Claimant can do despite her impairment related to a specific functional limitation. As such, Dr. Smith's February 15, 2019 notes constitute a "medical opinion." *See Milbry v. Comm'r of Soc. Sec.,* No. 6:20-cv-1427-DNF, 2021 WL 4305092, at *5 (M.D. Fla. Sept. 22, 2021) (finding that physician assistant's recommendation following an initial neurosurgery evaluation that included a recommendation of restricting the plaintiff to lifting no more than 15 pounds, no overhead work, and no prolonged sitting, standing, or twisting qualified as a "medical opinion" under the new regulations because impairment related limitations and restrictions were provided). *See also Moore v. Comm'r of Soc. Sec.,* 6:16-cv-2075-Orl-41GJK, 2017 WL 8809568, at *3-4 (M.D. Fla. Nov. 7, 2017) (finding,

under previous regulations, that post-surgery treatment notes regarding the effects of shoulder surgery, that contained lifting restrictions, qualified as a medical opinion).[10]

It is undisputed that the ALJ failed to give any consideration to Dr. Smith's medical opinion as set forth in the February 25, 2019 treatment notes. This alone constitutes reversible error. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (obligating the Commissioner to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] decision"). *See also Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (reversing decision under the new regulations where the ALJ did not address the supportability and consistency of opinions from two medical sources); *Diaz-Ortiz*, 2021 WL 4205850, at *4 ("Supportability and consistency constitute the most

---

[10] Although the definition of "medical opinion" has been streamlined under the new regulations, both the old and new regulations contain a requirement that a "medical opinion" identify what a person can still do despite impairment. As such, I find persuasive decisions applying the old regulations that address this portion of the "medical opinion" definition. *Compare* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about *what you can still do despite your impairment(s)* and whether you have one or more impairment-related limitations or restrictions in the following abilities.") *with* 20 C.F.R. § 404.1527(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, *what you can still do despite impairment(s)*, and your physical or mental restrictions.") (emphasis added in both).

important factors in any evaluation, and the ALJ must explain how those two facts are considered."); *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515, 2020 WL 1957597 at *6 (M.D. Fla. Apr. 8, 2020) ("As an initial matter, the new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020).

The Court is also unpersuaded by the Commissioner's alternative argument that if Dr. Smith's treatment notes qualify as a medical opinion, it was harmless error to not address the limitation/restriction found therein. Doc. No. 38, at 20-21. Because the ALJ does not explain in any way why he did not address Dr. Smith's February 25, 2019 medical opinion, any explanation the Commissioner now provides would be a *post hoc* rationalization, which the Court cannot consider. *Pierson*, 2020 WL 1957597, at *6 ("[T]he undersigned will not rely on the Commissioner's post-hoc arguments" because "[t]o do so would necessarily require the undersigned to reweigh the evidence."). *See also Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 732 (11th Cir. 2011) (citations and internal quotation marks omitted) ("[W]hen the ALJ fails to state with sufficient clarity the grounds for his evidentiary decisions, we will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead remand for further findings at the

administrative hearing level.").[11]

In any event, the Court finds that the ALJ's error was not harmless because the RFC propounded by the ALJ contains a 20-pound lifting restriction, which clearly contradicts the 15-pound lifting restriction opined by Dr. Smith. *See Moore*, 2017 WL 8809568, at *3 (finding no harmless error "because the limitations found in the treatment notes are more restrictive than those found in the RFC."). Moreover, the ALJ ignored Dr. Smith's opinion in formulating his hypothetical posed to the VE, thus implicating Claimant's third assignment of error.

For these reasons, the Court agrees with Claimant that the ALJ's failure to consider Dr. Smith's February 25, 2019 opinion constitutes reversible error.

*B.     Remaining Assignments of Error & Remand*

Claimant also argues that the ALJ erred in failing to include Claimant's need for a cane in the RFC determination and that the hypothetical posed to the VE did not adequately reflect Claimant's limitations. Doc. No. 38, at 16-18, 23-25. Given that remand is warranted on Claimant's first assignment of error, the Court need not consider these additional arguments because on remand, the ALJ will necessarily also have to reconsider the entire record. *See Diorio v. Heckler*, 721 F.2d

---

[11] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (noting that on remand, the ALJ is required to reconsider medical opinions of record in light of any additional record evidence). *See also Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 857 (11th Cir. 2018) (where errors might have affected the RFC determination, the ALJ was required to reassess RFC on remand, as well as conclusions at steps four and five of the sequential evaluation process). The Court, therefore, declines to address these remaining issues at this time. *See Diorio*, 721 F.2d at 729; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties